**Rebecca BOLIN and Calvin Bolin, Appellants–Plaintiffs,**

v.

**Brandon A. WINGERT, Appellee–Defendant.**

No. 87A01–0006–CV–183.

Court of Appeals of Indiana.

Jan. 11, 2001.

Glenn A. Deig, Evansville, IN, Attorney for Appellants.

Patricia K. Woodring, Shawn M. Sullivan Terrell, Baugh, Salmon & Born, LLP Evansville, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Plaintiffs, Rebecca Bolin and Calvin Bolin (hereinafter collectively referred to as "the Bolins"), appeal the trial court's grant of Appellee Defendant's, Brandon Wingert (Wingert), motion for partial summary judgment.

We affirm.

### ISSUES

The Bolins raise two issues on appeal, which we consolidate as one issue and restate as follows: whether the trial court erred in granting Wingert's motion for partial summary judgment.

### FACTS AND PROCEDURAL HISTORY

On April 13, 1996, Rebecca Bolin (Rebecca) and Wingert were involved in a car accident in Warrick County, Indiana. Rebecca sustained various personal injuries from the collision. At the time of the accident, Rebecca was approximately 8–10 weeks pregnant. It is alleged by the Bolins and conceded by Wingert that the accident caused the miscarriage of Rebecca's pregnancy.

On February 5, 1998, the Bolins filed their complaint, with a jury demand, in Warrick Circuit Court for personal injuries arising from the accident that occurred on April 13, 1996. Count I of the complaint requested compensation for damages sustained by Rebecca; Count II requested compensation for Calvin Bolin's loss of consortium; and Count III requested compensation for the wrongful death of their unborn child.

On December 8, 1999, Wingert filed a motion for partial summary judgment as to Count III of the Bolins' complaint. On May 5, 2000, the trial court, after hearing

oral argument, and after considering the evidentiary materials and legal authorities submitted to it, granted Wingert's motion for partial summary judgment as to Count III of the Bolins' complaint. The Bolins now appeal.

## DISCUSSION AND DECISION

The Bolins argue that the trial court erred in granting Wingert's motion for partial summary judgment.

The standard of review when reviewing a grant or denial of summary judgment is well-settled. Our standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Miller v. Grand Trunk Western R.R., Inc.*, 727 N.E.2d 488, 491 (Ind.Ct.App.2000). We must consider the pleadings and evidence designated pursuant to Ind. Trial Rule 56(C) without deciding their weight or credibility. *Id.* Summary judgment should be granted only if such evidence shows that there is no genuine issue of material fact and that judgment is warranted as a matter of law. *Id.*

At the time of the accident, Indiana allowed a parent to bring an action for the wrongful death of a child. Ind.Code § 34–1–1–8 [1] stated:

> The father and mother jointly, or either of them by naming the other parent as a co-defendant to answer as to his or her interest, or in case of divorce or dissolution of marriage the person to whom custody of the child was awarded, may maintain an action for the injury or death of a child; and a guardian may maintain such action for the injury or death of his ward; in case of death of the person to whom custody of the child was awarded, a guardian shall be appointed to maintain an action for the injury or death of his ward. But when the action is brought by the guardian for an injury to his ward, the damages shall inure to the benefit of his ward.

*Id.*

The meaning of the word "child" in Ind. Code § 34–1–1–8 was not expressly defined. Further, only one Indiana case has discussed the meaning and definition of a "child" in this context. In *Britt v. Sears*, 150 Ind.App. 487, 277 N.E.2d 20 (1971), the sole question presented on appeal was "whether [under Ind.Code § 34–1–1–8] . . . an action may be maintained by a father for the wrongful death of a stillborn child alleged to be 'a full term healthy male capable of independent life' with which its mother 'was . . . (at the time of its fatal injury) nine months and one week pregnant.'" *Id.* at 21. After reviewing various Indiana statutes and out of state case law, this court held:

> it is both just and logical to treat an unborn child who has been 280 days in gestation as having a legal being and legal personality distinct from that of its mother although it is enclosed in its mother's body and therefore dependent upon her breath for oxygen and upon her food for nourishment. . . . We see no basis for holding that the plaintiff here did not lose a child merely because of the fortuitous circumstance that its period of gestation had continued a little longer than is the case with many other children who live a normal life.
>
> We therefore hold that 'a full term healthy male capable of independent life' with which its mother, at the time of its death in her womb, 'was then nine months and one week pregnant' is a 'child' within the meaning of the statute which provides that '(a) father . . . may maintain an action for the . . . death of a child. . . .'

*Id.* at 26–27.

Consequently, the Bolins contend that since 1971, the Indiana courts have allowed

---

1. Effective July 1, 1998, Ind.Code § 34–1–1–8 was repealed, and the Indiana legislature enacted a new statute allowing actions for the wrongful death or injury of a child. *See* Ind. Code § 34–23–2–1. This new statute provides a general definition of the term "child," but it is not applicable here.

a wrongful death action to be maintained for the death of an unborn child. We disagree. The *Britt* court considered whether an action may be maintained for the wrongful death of an unborn *viable* child. *Merriam Webster's Collegiate Dictionary* 1315 (10th ed.1994) defines the term "viable" as: "capable of living; *esp.*: capable of surviving outside the mother's womb without artificial support." *Black's Law Dictionary* 1559 (7th ed.1999) defines the term "viable" as: "1. Capable of living, esp. outside the womb ... 2. Capable of independent existence ..." Finally, Ind. Code § 16–18–2–365 states: " 'Viability', for purposes of IC 16–34, means the ability of a fetus to live outside the mother's womb."

■ Although the court in *Britt* did not specifically use the term "viable" or "viability," it stated that " 'a full term healthy male capable of independent life' ... is a 'child' within the meaning of the statute." *Britt*, 277 N.E.2d at 27. We find that when the court used this phraseology, it contemplated only an unborn *viable* child to fit within the meaning of the statute. Certainly, *Britt* would not have included the language "capable of independent life" if the court was not requiring the fetus to be viable in order to state a claim for wrongful death.

The Bolins claim that Wingert is trying to change and limit the definition of a "child," and curtail the rights of parents to pursue a wrongful death action for the loss of an unborn child by inserting the requirement of "viability" in the statute when the legislature did not choose to do so. As previously stated, Ind.Code § 34–1–1–8 did not expressly define the term "child." The only interpretation of the term "child" as used in Ind.Code § 34–1–1–8 is in *Britt*. Again, in *Britt*, the court contemplated only an unborn *viable* child to fit within the meaning of the statute. The Bolins have, at no time, shown or even alleged that their unborn child was capable of independent life. Furthermore, it is not indicated in the Record that the Bolins' unborn child was capable of independent life. Without such evidence, we cannot find that an 8–10 week unborn child fits within the meaning of Ind.Code § 34–1–1–8, the applicable statute at the time of the accident involving Rebecca and Wingert. Consequently, we find that there is no evidence showing any genuine issue of material fact.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in granting Wingert's motion for partial summary judgment.

Affirmed.

DARDEN and ROBB, JJ., concur.